# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMI L. CONNARD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0155** (BOR Appeal No. 2047551)
                    (Claim No. 2011000986)

**BURLINGTON UNITED METHODIST FAMILY SERVICES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammi L. Connard, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Burlington United Methodist Family Services, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed an August 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2012, decision refusing to add right ankle sprain, acquired deformity of right foot, right Achilles tendonitis, and right peroneal tendonitis as compensable conditions of the claim. The Office of Judges also affirmed the claims administrator's January 9, 2012, and June 16, 2011, decisions denying Ms. Connard's request to reopen her claim on a temporary total disability benefits basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Connard worked for Burlington United Methodist Family Services. On July 7, 2010, Ms. Connard suffered an injury to her right foot and knee when an overweight patient fell on her. The claims administrator held the claim compensable for a contusion of the foot and a sprain of the right knee and leg. Following the injury, Ms. Connard was evaluated by Rakesh Wahi, M.D.,

1

who determined that her symptoms were caused by a combination of the compensable injury and pre-existing problems. Dr. Wahi also found that Ms. Connard had lost sensation over the dorsal aspect of her foot which was not explained by the mechanism of the injury. Paul Bachwitt, M.D., then performed an independent medical evaluation of Ms. Connard and determined that she had reached her maximum degree of medical improvement with respect to her compensable conditions. Dr. Bachwitt noted that Ms. Connard had several prior right knee and ankle injuries which had necessitated surgical repairs. He also noted that Ms. Connard had been previously diagnosed with reflex sympathetic dystrophy. Dr. Bachwitt found that there was no injury to Ms. Connard's peroneal nerve and that both the electrodiagnostic (EMG) testing and bone scan were within normal limits. The claims administrator then closed Ms. Connard's claim for temporary total disability benefits. On June 16, 2011, the claims administrator also denied Ms. Connard's request to have her claim reopened for additional temporary total disability benefits. Rebecca A. Cerrato, M.D., filed an application to have Ms. Connard's claim reopened on a temporary total disability benefits basis. Dr. Cerrato asserted that Ms. Connard had experienced a progression or aggravation of her injury because she had a dislocated ankle and developed a deformity of the ankle. Dr. Cerrato also pointed out that Ms. Connard required surgery to lengthen her Achilles tendon. Dr. Cerrato noted that Ms. Connard had hysterical conversion disorder and suspected that this was causing the deformity in her right ankle. Joseph I. Golden, M.D., also filed a reopening application on behalf of Ms. Connard stating that subsequent to the compensable injury Ms. Connard had developed a deformity in her right ankle associated with a shortening of her Achilles tendon. Dr. Golden stated that the condition prevented her from walking. Yogesh Chand, M.D., then evaluated Ms. Connard and found that these conditions were likely the result of the compensable injury since Ms. Connard had not suffered from prior ankle instability. On January 9, 2012, the claims administrator denied the request to reopen Ms. Connard's claim on a temporary total disability benefits basis. On February 21, 2012, the claims administrator denied the addition of right ankle sprain, acquired deformity of the right foot, right Achilles tendonitis, and right peroneal tendonitis as compensable conditions of the claim. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Connard. He found that the additional conditions were not causally related to the compensable injury. He also found that there was no objective medical evidence in the record to explain Ms. Connard's subjective complaints. On August 16, 2012, the Office of Judges affirmed the claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on January 25, 2013, leading Ms. Connard to appeal.

The Office of Judges concluded that Ms. Connard did not develop a right ankle sprain, acquired deformity of the right foot, right Achilles tendonitis, or right peroneal tendonitis in the course of or as a result of her employment. The Office of Judges based this determination on the evaluation of Dr. Wahi, which it found was the earliest piece of evidence in the record. The Office of Judges also relied on the independent medical evaluation of Dr. Bachwitt, who determined that Ms. Connard had reached her maximum degree of medical improvement with respect to the compensable injury and found no evidence of a peroneal nerve injury. The Office of Judges noted that the EMG and bone scans were both within normal limits. The Office of Judges found that Ms. Connard had a history of pre-existing foot and knee conditions, which had frequently required surgical treatment. It also found that she had developed new symptoms subsequent to the traumatic injury, which indicated that the additional conditions were not causally related to the claim. The Office of Judges considered the opinion of Dr. Chand but

2

found that his report was not persuasive because he did not properly weigh the significance of Ms. Connard's pre-existing ankle and knee problems. The Office of Judges also concluded that Ms. Connard did not suffer an aggravation or progression which would entitle her to additional temporary total disability benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Connard has not demonstrated that the diagnoses of right ankle sprain, acquired deformity of the right foot, right Achilles tendonitis, or right peroneal tendonitis are causally related to the compensable right knee sprain and right foot contusion. Ms. Connard has a significant history of ankle and knee injuries which frequently necessitated surgical repairs prior to the date of the compensable injury. Furthermore, many of Ms. Connard's subjective complaints are not supported by any objective medical evidence. Ms. Connard has also not made a prima facie showing that her claim should be reopened for consideration of additional temporary total disability benefits. She has not presented any evidence that tends to justify an inference that there has been a progression or aggravation of her compensable injury. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). The evidence in the record shows that Ms. Connard suffered from ankle and knee problems prior to the date of injury and that these conditions have persisted even after her compensable conditions had resolved. Dr. Bachwitt determined that she had reached her maximum degree of medical improvement as of December 10, 2010, and Ms. Connard has not presented any evidence that her right knee sprain and foot contusion have progressed or been aggravated in any way.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3